I write separately merely to clarify my position. In my view, the trial court's problem with Trooper Snodgrass' testimony concerning his having smelled a "strong" odor of alcohol is not one of credibility, since the trial court's supplemental finding recites: "This finding does not find the officer's testimony not credible nor was such ever intended." It appears from the trial court's findings that the trial court found that Patrolman Snodgrass was not competent to testify concerning a strong odor of alcohol coming from Stutsman, based upon his location relative to Stutsman at the time.
I agree that we can conclude that Patrolman Snodgrass was competent to testify concerning the strong odor of alcohol, based upon our review of the videotape of the incident. I would be less sanguine about overruling a trial court's finding that a witness's testimony is not credible, since we are not present to see and hear the witness testify. In this case, with the aid of the videotape, we are essentially overruling the trial court's finding that Snodgrass was incompetent to testify, and I join in that conclusion.
Parenthetically, many of these cases involving the adequacy of grounds to administer field sobriety tests turn upon the strength of the odor of alcohol perceived on the defendant's breath. To my knowledge, we have never had a case where there has been any evidence, expert or lay, linking the perceived odor of alcohol on a suspect's breath with the likelihood that the suspect will either be under the influence of alcohol or have a prohibited concentration of alcohol. In the absence of evidence of this kind, we indulge in assumptions, as we must, concerning the significance of a perceived odor of alcohol, and its perceived strength. Perhaps a strong odor of alcohol denotes no more than that the suspect's consumption of alcohol is recent. The bar might advance the quality of this "microjurisprudence" by offering evidence along these lines in some future case.